UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
UNITED STATES OF AMERICA,                   :
                                            :
                     Government,            :        19 Cr 558 (RMB)
- against -                                 :
                                            :        **ORDER**
                                            :
ROILAND GOTIANGCO,                          :
                                            :
                     Defendant.             :
------------------------------------------------------------x

      This Order resolves defendant Roiland Gotiangco's ("Gotiangco") pro se motion for compassionate release ("Motion"). For the reasons stated below, the Motion is respectfully denied.[1]

I. Background

      On August 10, 2021, Gotiangco, then 40 years old, pleaded guilty to two counts of wire fraud in violation of 18 U.S.C. § 1343. (Plea Tr. 5:13–6:6.) Gotiangco's Sentencing Guidelines range was 27 to 33 months; his offense level was 18; and his criminal history category was I. (Sentencing Tr. 25:21–23.) On August 10, 2021, the Court sentenced Gotiangco to 22 months imprisonment (i.e., below the Guidelines range) followed by 3 years of supervised release. (Aug. 10, 2021 Judgment.) The Court also ordered Gotiangco to pay $1,333,040.59 in restitution. (Aug. 11, 2021 Ord. at 1.)

      In March 2022, Gotiangco was transferred by the BOP from FCI Danbury in Connecticut to a halfway house in Brooklyn, New York pursuant to 18 U.S.C. § 3624, which directs the BOP to place an inmate in a halfway house for up to 12 months prior to the end of the inmate's term of

---

[1] Any issues or arguments raised by the parties but not specifically addressed in this Order have been considered by the Court and rejected.

incarceration. (See Inmate Database, BOP; see also Gov't Opp. 2.) His projected release date is January 19, 2023. (See Inmate Database, BOP.) He has served 10.5 months of his 22-month sentence.

Gotiangco requests "to finish his remaining [prison] time with his family on home confinement and any additional restrictions that the court deems to impose." (Mot. 1.) He contends: (i) the Omicron variant of SARS-CoV-2 puts him "in direct danger" due to its ability to evade coronavirus vaccines; (ii) FCI Danbury had been on "lockdown" in response to the Omicron and Delta variants; (iii) "there are no rehabilitation programs available" in prison for his gambling addiction; (iv) his family needs him to "help with the dangers of COVID-19, financial issues, and day care issues that ha[ve] increased during his incarceration"; and (v) he "has zero criminal history." (Id. at 1–2.) The Motion does not discuss Gotiangco's transfer to a halfway house in Brooklyn, New York, or his currently designated release date of January 19, 2023.

The Government opposes the Motion, contending that: (i) "Gotiangco points to no medical conditions that leave him particularly vulnerable to COVID-19," and he "is fully vaccinated and has received a booster shot to protect him against contracting COVID-19"; (ii) the claim that COVID-19 "has eroded the opportunities for rehabilitation" is not a compelling reason justifying early release; (iii) the Court has already considered Gotiangco's mental health "when it first crafted and imposed [the] sentence"; (iv) Gotiangco "assumed the risk of being separated from his family when he pursued [his] offense"; and (v) "[n]othing has materially changed [since sentencing] . . . to alter the Court's calibration of the § 3553(a) factors." (Gov't Opp. 3–6.) The Government also provided Gotiangco's medical records from September 17, 2021 to January 27, 2022 ("Med. Records").[2]

---

[2] The Government has requested that Gotiangco's medical records be maintained under seal.

2

II. Legal Standard

"Before a compassionate-release motion can be considered on the merits, the defendant must exhaust administrative remedies." United States v. Williams-Bethea, 464 F. Supp. 3d 562, 565 (S.D.N.Y. 2020).

When considering an application under 18 U.S.C. § 3582(c)(1)(A)(i), "a court may reduce a defendant's sentence only if it finds that extraordinary and compelling reasons warrant such a reduction." United States v. Beniquez, 2021 WL 260225, at *2 (S.D.N.Y. Jan. 26, 2021) (internal quotation marks omitted). "The defendant bears the burden of proving that he is entitled to compassionate release." United States v. Phillibert, 2021 WL 3855894, at *2 (S.D.N.Y. Aug. 27, 2021).

The Court looks to § 1B1.13 of the Sentencing Guidelines for "guidance in the exercise of its discretion." United States v. Rodriguez, 2020 WL 7640539, at *3 (S.D.N.Y. Dec. 23, 2020). The district court may consider "the full slate of extraordinary and compelling reasons that an imprisoned person might bring." United States v. Brooker, 976 F.3d 228, 237 (2d Cir. 2020).

The 18 U.S.C. § 3553(a) factors, including the danger a defendant poses to the community, "override any extraordinary and compelling reasons justifying his release." United States v. Serrano, 2020 WL 5259571, at *4 (S.D.N.Y. Sept. 3, 2020); accord United States v. Keitt, 21 F.4th 67, 73 (2d Cir. 2021).

III. Analysis

The Court denies Gotiangco's Motion for compassionate release because he fails to show extraordinary and compelling circumstances, and the 18 U.S.C. § 3553(a) factors weigh against early release.

3

Exhaustion of Administrative Remedies

Gotiangco has exhausted his administrative remedies. The warden of FCI Danbury denied his compassionate release request on December 1, 2021, stating: "You tested negative for COVID-19 on September 27, 2021. You completed the Moderna COVID vaccine series on April 20, 2021. . . . [Y]our concern about being potentially exposed to, or possibly contracting, COVID-19 does not currently warrant an early release from your sentence." (See Exhibit 2 to Gov't Opp., Request for Compassionate Release Denial.)

No Extraordinary and Compelling Reasons Warranting Early Release

Gotiangco has not demonstrated extraordinary and compelling reasons that would justify compassionate release. He is fully vaccinated against COVID-19 and has received a booster shot. (See Med. Records at 36); see also United States v. Farmer, 2022 WL 47517, at *3 (S.D.N.Y. Jan. 5, 2022) ("Courts have consistently denied compassionate release when the defendant is fully vaccinated, even when other health conditions are present."); United States v. Acosta-Ventura, 2022 U.S. Dist. LEXIS 29066, at *6 (S.D.N.Y. Feb. 17, 2022) (denying compassionate release because "[e]ven with the emergence of . . . Omicron, the vaccine is still highly effective at preventing death and serious injury, especially for individuals who have received a booster."). Gotiangco does not contend, and his medical records do not demonstrate, that he has any medical condition that makes him particularly vulnerable to COVID-19. (See Med. Records); see also United States v. Coleman, 2022 WL 717892, at *2 (S.D.N.Y. Mar. 10, 2022) (denying compassionate release where defendant had "no underlying medical conditions . . . to increase the likelihood of severe illness from COVID-19").

The Court acknowledges the difficult conditions prisoners face in BOP prisons. "To the extent Defendant complains of lockdowns, they are not unique to Defendant." United States v. Friedlander, 2022 WL 2305370, at *4 (E.D.N.Y. June 24, 2022); see also Farmer, 2022 WL 47517,

4

at *11 ("[G]eneralized statements about the conditions of confinement do not constitute compelling reasons for compassionate release."). And, Gotiangco has already been transferred from FCI Danbury to a halfway house in New York, with a release date of January 19, 2023. His concern regarding "the lack of programs, lack of medical care . . . and other opportunities for growth and rehabilitation" at FCI Danbury is moot. (See Mot. 2); see also United States v. Terry, 2021 WL 4060463, at *3 (E.D. Pa. Sept. 7, 2021) ("Defendant is no longer incarcerated in prison but rather is currently at a halfway house. . . . [T]he generalized threat of the COVID-19 pandemic to the public is not an extraordinary and compelling reason for granting compassionate release.").

The 18 U.S.C. § 3553(a) Factors Weigh Against Early Release

The Court also finds that the sentencing factors set forth at 18 U.S.C. § 3553(a) weigh against reducing Gotiangco's sentence. For one thing, Gotiangco's sentence of 22 months imprisonment is below his Sentencing Guidelines range, which was 27 to 33 months. (See Sentencing Tr. 25:21-23); see also United States v. Callahan, 2021 WL 2661144, at *3 (E.D.N.Y. June 29, 2021) (finding that 18 U.S.C. §3553(a) factors weighed against early release where defendant had received below Guidelines sentence for wire fraud and securities fraud). For another thing, Gotiangco's scheme defrauded his former employer of more than $1.3 million. (PSR ¶ 13.) At sentencing, Defense Counsel conceded that Gotiangco's scheme constituted "a very serious offense with a significant loss." (Sentencing Tr. 12:6.) The Court agreed, stating that "the offense was quite extensive and quite detailed, quite clever, and an enormous breach of trust to the employer." (Id. at 29:1–4); see also United States v. Walton, 473 F. Supp. 3d 215, 219 (W.D.N.Y. Jul. 21, 2020) (finding that 18 U.S.C. § 3553(a) factors weighed against sentence reduction for defendant convicted of defrauding employer where defendant "only served a limited portion of the sentence imposed, and the underlying offense conduct was serious and harmful"); United States v.

Howard, 2020 WL 6205645, at *3-4 (S.D. Ind. Oct. 21, 2020) (concluding that 18 U.S.C. § 3553(a) factors weighed against sentence reduction for defendant convicted of wire fraud where defendant had "repeatedly lied to her employer, claiming that she was using company funds to pay taxes and bills when, in reality, she was emptying the company's bank accounts for her own benefit").

Gotiangco's lack of criminal history (prior to the instant offense) and his gambling addiction do not alter the Court's conclusion that the 18 U.S.C. § 3553(a) factors weigh against release. See United States v. Bayfield, 2020 WL 2615937, at *3 (E.D.N.Y. May 21, 2020) (where defendant convicted of wire fraud had "no prior criminal history," 18 U.S.C. § 3553(a) factors still weighed against sentence reduction "[i]n light of the seriousness of his offense"); see also United States v. Thomas, 2020 WL 6364677, at *6 (S.D.N.Y. Oct. 29, 2020) (where defendant convicted of wire fraud had gambling addiction, 18 U.S.C. § 3553(a) factors still weighed against sentence reduction given "the seriousness of his conduct" and defendant's below Guidelines sentence).

Indeed, the Court considered Gotiangco's criminal history and gambling addiction when it imposed the (below Guidelines) sentence. At sentencing, the Court acknowledged that Mr. Gotiangco's criminal history category was I, reflecting the lowest level of criminal history. (Sentencing Tr. 4:13–15; 25:22–23; 28:19–20.) And, the Court stated that "I have sentenced to significantly below the lowest end of the Guideline range, and in part at least, in consideration of the psychiatrist report, [which] explains that Mr. Gotiangco has a gambling addiction." (Id. at 28:21–24.) The Court noted that, according to the psychiatrist's report, "Mr. Gotiangco did have an awareness before recently, indeed, for quite some time . . . that there was something very wrong with his action and behavior." (Id. at 29:11–14.) Because Gotiangco's criminal history and gambling addiction, among other things, are reflected in his below Guidelines sentence, the Court reaffirms its conclusion that "all of the 3553(a) factors point to that sentence." (See Sentencing Tr.

at 26:2); see also United States v. Sattar, 467 F. Supp. 3d 152, 157 (S.D.N.Y. 2020) (court declined to "change its assessment of [the 18 U.S.C. § 3553(a)] factors" where "defendant's characteristics, including his chronic medical conditions . . . were known to the Court" when it imposed defendant's below Guidelines sentence).

Granting Gotiangco's Motion would not reflect the seriousness of his offense, promote respect for the law, provide just punishment, afford adequate deterrence, or protect the public from further crimes of the defendant. See 18 U.S.C. § 3553(a); (see also Sentencing Tr. 30:1–15).

IV. Conclusion & Order

For the foregoing reasons, Gotiangco's Motion for compassionate release (ECF No. 46) is respectfully denied. The Government's request to file Gotiangco's BOP medical records under seal is granted.

**A supervised release hearing with all parties is hereby scheduled for January 23, 2023 at 9:00 A.M.**

Dated: New York, New York
August 4, 2022

*Richard M. Berman*
**RICHARD M. BERMAN, U.S.D.J.**

CC   Jilan Janet Kamal, Assistant U.S. Attorney
     Henry Ellis Klingeman, Defense Counsel
     Ernesto Cerimele, Defense Counsel
     Southern District of New York Probation Office